# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS, | Case No.: 1:19-cv-0663- DAD - JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| BAKERSFIELD POLICE DEPT., et al. | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | |

Charles Francis Goods seeks to proceed *pro se* and *in forma pauperis* in this action against the Bakersfield Police Department and an unidentified police officer. (*See* Doc. 1 at 1-2) According to Plaintiff, the defendants are liable for a violation of the First Amendment and a "threat to safety." Because Plaintiff fails to clearly identify the cause of action upon which he seeks to proceed, or to allege facts sufficient for the Court to find he states a cognizable claim, the complaint is **DISMISSED** with leave to amend.

**I.     Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

1

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Section 1983 Claims**

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be

attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

## V. Factual Allegations[1]

Plaintiff alleges that at an unidentified time, an officer with the Bakersfield Police Department told Plaintiff "to get out of the County of Kern" and "called [Plaintiff] a baby raper." (Doc. 1 at 3) Plaintiff asserts he felt his life was threatened, and he went to the FBI to talk to an agent, who informed Plaintiff that was corruption. (*Id.*)

## VI. Discussion and Analysis

Based upon the sparse facts alleged, Plaintiff contends the defendants are liable for a violation of the First Amendment and a threat to Plaintiff's safety. (Doc. 1 at 3)

### A. Statute of Limitations

Plaintiff fails to allege when the encounter with the unidentified Bakersfield police officer occurred. Although Section 1983 does not contain its own statute of limitations federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citation omitted). California's statute of limitations for personal injury claims is two years. See CAL. CIV. P. CODE § 335.1*; Canatella*, 486 F.3d at 1132; *Butler v. Nat'l Cmty. Renaissance of California,* 766 F.3d 1191, 1198 (9th Cir. 2014). Thus, if the event occurred more than two years ago, Plaintiff is barred from bringing claims under Section 1983.

Because the Court is unable to determine whether the claims are timely, Plaintiff will be granted leave to amend his complaint. Plaintiff **SHALL** include allegations related to when the underlying arrest occurred, such that the Court can determine whether the statute of limitations bars his claims.

### B. First Amendment

The First Amendment to the Constitution of the United States provides that "Congress shall

---

[1] Plaintiff asserts that he seeks to re-file a prior lawsuit he initiated before this Court, with Case No. 1:17-cv-01009-DAD-JLT. (Doc. 1 at 3) The Court does not simply re-file cases and declines to address the factual allegations presented in that action as the matter is closed. Thus, the factual allegations addressed herein are only those plead by Plaintiff in the complaint now before the Court.

4

make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *U.S. Const. amend I.* Thus, the First Amendment preserves several rights for individuals.

Plaintiff fails to allege facts sufficient for the Court to determine which right preserved by the First Amendment was violated by the police officer, and the Court declines to speculate as to the potential claims Plaintiff may raise. Instead, Plaintiff has a burden to allege enough facts to provide a defendant with fair notice of the claims being brought. *See Iqbal*, 556 U.S. at 677; *Jones*, 733 F.2d at 649. Thus, the Court finds Plaintiff fails to state a cognizable claim for a violation of the First Amendment.

### C. Threat to Safety

Plaintiff alleges the Bakersfield Police Officer told him "to get out of the County of Kern" and "called [Plaintiff] a baby raper." (Doc. 1 at 3) Plaintiff asserts he felt his life was threatened due to the comments of the officer. (*Id.*)

Significantly, courts have repeatedly determined that "[v]erbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quoting *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979)); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) ("[n]ame calling," even where obscene, and "[v]erbal threats are not constitutional violations cognizable under § 1983"); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied*, 464 U.S. 998 (1983) ("threatening language and gestures" do not amount to constitutional violations). Thus, the comments by the unidentified officer toward Plaintiff do not rise to the level of a constitutional violation under Section 1983, and Plaintiff fails to state a claim based upon the statements of the officer.

### D. The Police Department as a defendant

Although municipalities, such as cities and counties, are amenable to suit, sub-departments or bureaus of municipalities—like the Bakersfield Police Department—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and

counties, are amenable to suit ... sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983"); *see also Gonzales v. City of Clovis,* 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of Section 1983); *Wade v. Fresno Police Dep't,* 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under Section 1983). Thus, the Bakersfield Police Department is not a proper defendant in this action.

### E. Municipal Liability

Local governments, such as cities, are "persons" subject to suit for "constitutional tort[s]" under Section 1983. *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

A plaintiff may show a municipal policy or custom in three ways:

(1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;

(2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or

(3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). In addition, a municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.*

Even if Plaintiff named the City as a defendant, rather than its police department, Plaintiff fails to allege facts to support a claim under Section 1983. There are no facts supporting a conclusion that the statements or conduct of the unidentified officer was part of a custom or policy of the City. Further, there is no link between a custom and policy of the City and the alleged actions. Accordingly, the alleged facts are not sufficient to support a claim for municipal liability.

### VII. Conclusion and Order

For the reasons set forth above, the Court is unable to find Plaintiff states a cognizable claim under Section 1983. However, the factual deficiencies may be cured by amendment, and leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128. Therefore, Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies identified in this order, including alleging facts sufficient to determine his claim is not barred by the statute of limitations and clearly identifying the right upon which his First Amendment claim stands.

The amended complaint must bear the docket number assigned this case and must be entitled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567. Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **May 23, 2019**        /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE