# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS, | ) Case No.: 1:19-cv-0663-DAD- JLT |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |
| v. | ) |
| BAKERSFIELD POLICE DEPT., et al., | ) |
| Defendants. | ) |

Charles Francis Goods asserts the Bakersfield Police Department and an unidentified police officer are liable for a violation of the First Amendment and a "threat to safety." (Doc. 1) Because Plaintiff failed to allege facts sufficient for the Court to find he states a cognizable claim that invokes this Court's jurisdiction, the Court recommends Plaintiff's complaint be **DISMISSED** without prejudice.

**I.     Background**

Plaintiff alleges that at an unidentified time, an officer with the Bakersfield Police Department told Plaintiff "to get out of the County of Kern" and "called [Plaintiff] a baby raper." (Doc. 1 at 3) Plaintiff asserts he felt his life was threatened, and he went to the FBI to talk to an agent, who informed Plaintiff that was corruption. (*Id.*)

On May 23, 2019, the Court reviewed Plaintiff's complaint, and determined he failed "to clearly identify the causes of action upon which he seeks to proceed, or to allege facts sufficient for the

1

1  Court to find he states a cognizable claim." (Doc. 3 at 1) Nevertheless, the Court reviewed potentially
2  applicable legal standards arising under the First Amendment and a claim for threat to safety to
3  evaluate whether Plaintiff stated a violation of his civil rights arising under 42 U.S.C. § 1983. (*Id.* at
4  4-5) The Court dismissed the complaint with leave to amend, informing Plaintiff that he would
5  receive "**one** opportunity to file to file an amended complaint curing the deficiencies identified in this
6  order, including alleging facts sufficient to determine his claim is not barred by the statute of
7  limitations and clearly identifying the right upon which his First Amendment claim stands." (*Id.* at 7)
8  Plaintiff was directed to file any amended complaint within thirty days of the date of service and
9  informed his failure to do so may result in the dismissal of the action. (*Id.*)

10  Plaintiff failed to file a response to the Court's order, and the Court issued an order to show
11  cause why the action should not be dismissed for Plaintiff's failure to prosecute the action through the
12  filing of an amended complaint and failure to comply with the Court's order on June 27, 2019. (Doc.
13  5) On July 12, 2019, Plaintiff filed a response to the Court's order, stating he lost his copies of
14  documents related to the action, though he was aware of the order directing him to show cause. (Doc.
15  6) The Court directed the Clerk of Court to provide Plaintiff a copy of the order dated May 23, 2019
16  and informed Plaintiff the order to show cause remained in effect. (Doc. 7) The Court directed
17  Plaintiff to file an amended complaint no later than August 13, 2019 and again informed that "failure
18  to file an amended complaint as ordered will result in a recommendation that the action be dismissed
19  for his failure to prosecute and failure to obey the Court's orders." (*Id.* at 2, emphasis omitted)

20  On August 5, 2019, Plaintiff filed a "motion to proceed only [on] the claim of corruption"
21  against the Bakersfield Police Department. (Doc. 8) On August 7, 2019, Plaintiff filed a document
22  entitled "motion to show cause in this case," again asserting that an officer frightened him and called
23  him a "no good babby (sic) raper," and directed Plaintiff leave the county. (Doc. 9 at 2) Plaintiff
24  reports he talked to an F.B.I. agent, who told him the police officer had broken the law and was
25  corrupt. (*Id.*) To date, Plaintiff has not filed an amended complaint.

26 **II.    Failure to State a Cognizable Claim**

27  When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and
28  shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be

granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### A. Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

#### 1. First Amendment

The First Amendment to the Constitution of the United States provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and

to petition the Government for a redress of grievances." *U.S. Const. amend I.* Thus, the First Amendment preserves several rights for individuals.

Plaintiff failed to allege facts sufficient for the Court to determine which right preserved by the First Amendment was violated by the police officer, and the Court declines to speculate as to the potential claims Plaintiff may raise. Instead, Plaintiff has a burden to allege enough facts to provide a defendant with fair notice of the claims being brought. *See Iqbal*, 556 U.S. at 677; *Jones*, 733 F.2d at 649. Thus, the Court finds Plaintiff fails to state a cognizable claim for a violation of the First Amendment.

### 2. Threat to Safety

Plaintiff alleges the Bakersfield Police Officer told him "to get out of the County of Kern" and "called [Plaintiff] a baby raper." (Doc. 1 at 3) Plaintiff asserts he felt his life was threatened due to the comments of the officer. (*Id.*)

Significantly, courts have repeatedly determined that "[v]erbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quoting *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979)); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) ("[n]ame calling," even where obscene, and "[v]erbal threats are not constitutional violations cognizable under § 1983"); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied*, 464 U.S. 998 (1983) ("threatening language and gestures" do not amount to constitutional violations). Thus, the comments by the unidentified officer toward Plaintiff do not rise to the level of a constitutional violation under Section 1983, and Plaintiff fails to state a claim based upon the statements of the officer.

### 3. The Bakersfield Police Department as a defendant

Although municipalities, such as cities and counties, are amenable to suit, sub-departments or bureaus of municipalities—such as the Bakersfield Police Department—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit … sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983"); *see also Gonzales*

*v. City of Clovis,* 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of Section 1983); *Wade v. Fresno Police Dep't,* 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under Section 1983). Thus, the Bakersfield Police Department is not a proper defendant in this action.

### 4. Municipal Liability

Local governments, such as cities, are "persons" subject to suit for "constitutional tort[s]" under Section 1983. *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

A plaintiff may show a municipal policy or custom in three ways:

(1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;

(2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or

(3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). In addition, a municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.*

Even if Plaintiff named the City as a defendant, rather than its police department, Plaintiff fails to allege facts to support a claim under Section 1983. There are no facts supporting a conclusion that the statements or conduct of the unidentified officer was part of a custom or policy of the City. Further, there is no link between a custom and policy of the City and the alleged actions. Accordingly, the alleged facts are not sufficient to support a claim for municipal liability.

### B. Claim for "Corruption"

Plaintiff seeks to proceed in this action on a clam for corruption. (Doc. 8) Significantly,

5

Plaintiff fails to identify any federal statutory basis for a claim of corruption that invokes this Court's jurisdiction. "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). Here, the scarce facts alleged do not assist the Court, which is unable to find a federal basis for a claim of corruption.

### III. Failure to Comply with the Court's Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g.* *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

#### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors

dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to file an amended complaint as previously ordered. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has failed to comply with the Court's order to amend his complaint to further the prosecution of the action. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the order to show cause, the Court informed Plaintiff that "[a] court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." (Doc. 5 at 2, citing *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1424) When Plaintiff was granted an extension of time, the Court again warned Plaintiff that "**failure to file an amended complaint as ordered will result in a recommendation that the action be dismissed for his failure to prosecute and failure to obey the Court's orders**." (Doc.

7 at 2, emphasis in original). Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV. Findings and Recommendations

Plaintiff failed to state a cognizable claim in this action that clearly invoked the Court's limited jurisdiction. In addition, Plaintiff failed to file an amended complaint to cure the deficiencies previously identified by the Court, and thereby failed to comply with the Court's orders dated May 23, 2019 (Doc. 3) and June 27, 2019 (Doc. 5).

Based upon the foregoing, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice; and
2. The motion to proceed on a claim for corruption (Doc. 8) be **DENIED**;
3. Plaintiff's motion to show cause (Doc. 9) be **DENIED**; and
4. The Clerk of Court be **DIRECTED** to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiffs may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

8

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 19, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE