UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS, | No. 1:19-cv-00663-DAD-JLT |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| BAKERSFIELD POLICE DEPARTMENT, | (Doc. No. 11) |
| Defendant. | |

On May 5, 2019, plaintiff Charles Francis Goods, proceeding *pro se*, filed a complaint alleging that the Bakersfield Police Department and an unidentified police officer are liable for a violation of the First Amendment and a "threat to safety." (Doc. No. 1.)[1] On September 5, 2019, four months after his complaint in this action was filed, plaintiff filed a motion for a temporary restraining order prohibiting the Bakersfield Police Department from harassing him. (Doc. No. 11.) For the reasons set forth below, plaintiff's motion will be denied.

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush &*

---

[1] The court notes that on August 20, 2019, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint be dismissed due to his failure to state a cognizable claim that invokes this court's jurisdiction. (Doc. No. 10.) Those findings and recommendations are pending before the court.

1

*Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).[2] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

The court first notes that here, defendant does not appear to have been notified of the filing of this motion. Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it

---

[2] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *All. for the Wild Rockies*, 632 F.3d at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

should not be required." Even assuming the allegations in plaintiff's pending motion could be construed to show immediate and irreparable injury, the pending motion for a temporary restraining order contains no averment that any attempt was made to give notice to the adverse party. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–32 (9th Cir. 2006).

Accordingly, plaintiff's motion for a temporary restraining order (Doc. No. 11) is denied.

IT IS SO ORDERED.

Dated: **September 5, 2019**

UNITED STATES DISTRICT JUDGE